UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRITTENDEN,<br><br>   Plaintiff,<br><br>   v.<br><br>RALPH DIAZ, et al.,<br><br>   Defendants. | Case No. 21-05805 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Ralph Diaz, the former Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Warden Rob Broomfield of San Quentin State Prison ("SQSP"), Dr. R. Steven Tharratt, the CDCR, and SQSP.[1]  Dkt. No. 1 at 2. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on September 21, 2021.  Dkt. Nos. 6, 7.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that while in the middle of the pandemic, Defendant Dr. Tharratt, the former "California Prison Medical Director," ordered the transfer of over 100 Covid-19 positive prisoners from one prison to others, thereby triggering a new outbreak. Dkt. No. 1 at 2-3. Plaintiff claims the transfer included prisoners from the California Institute in Chino to SQSP. *Id.* at 3. According to Plaintiff, Defendant Tharratt was relieved of his duties by Governor Gavin Newsom on July 6th. *Id.* Plaintiff claims Defendants Diaz and Bloomfield were "on board" with the decision to transfer the inmates, despite the fact that "not a single one had been tested within three weeks before the transfer." *Id.* Plaintiff claims Defendants Tharratt, Diaz, and Bloomfield acted with deliberate indifference which caused him to catch Covid-19. *Id.* He claims that "their negligence and carelessness put [his] life in danger for months and their actions continue to show a complete disregard for [his] well being while incarcerated." *Id.* Plaintiff seeks damages. *Id.*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).

2

The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state a claim. First of all, he claims Defendants acted with deliberate indifference by transferring inmates without testing them for Covid-19 and then causing an outbreak. Liberally construed, this allegation implicates his Eighth Amendment right to health and safety. However, this allegation is conclusory without more factual allegations in support. Plaintiff must describe the specific circumstances by which the transfer of the Chino Prison inmates can be causally linked to his contracting the virus. For example, if he was exposed to inmates who were known to be infected with the virus shortly after the transfer of the Chino Prison inmates and the prison failed to take safety measures to reduce Plaintiff's risk of exposure, then it is more likely than not that the transfer was the cause. In this respect, Plaintiff must specifically allege how he was exposed to infected inmates and when exactly he tested positive for Covid-19. Plaintiff must also allege how named Defendants are directly responsible for

3

his injury. *See Farmer*, 511 U.S. at 837. Plaintiff must also provide more factual allegations to support his conclusory allegation of an ongoing risk to his "well being." *See supra* at 2. Plaintiff shall be granted leave to file an amended complaint to allege specific facts so that the Court can determine whether he states a cognizable claim with regards to the circumstances of his contracting Covid-19.

Furthermore, Plaintiff's claim that Defendants acted with "negligence and carelessness" fails to state a claim. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, *see Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). Accordingly, any negligence claim in the amended complaint will be dismissed for failure to state a claim for relief.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this

4

individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-05805 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __November 29, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.21\05805Crittenden_dwlta