1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   STEVE CRITTENDEN,                           Case No.  21-cv-05805-BLF

8                  Plaintiff,

9          v.                                    **ORDER OF SERVICE**

10  RALPH DIAZ, et al.,

11                 Defendants.

12
13         Plaintiff, an inmate at San Quentin State Prison (SQSP) formerly proceeding *pro se*, filed

14  an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the

15  Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-

16  19, from the California Institution for Men (CIM) to SQSP in May 2020.  Plaintiff is now

17  represented by counsel, and his First Amended Complaint (Dkt. No. 11) is before the Court for

18  screening pursuant to 28 U.S.C. § 1915A.[1]  The Court previously granted Plaintiff leave to

19  proceed *in forma pauperis*.  Dkt. No. 9.

20                                **DISCUSSION**

21  A.     **Standard of Review**

22         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

23

24  [1] Plaintiff's case, along with a number of other cases making similar claims about the May 2020
    CIM-SQSP transfer, was assigned to the Honorable Judge William H. Orrick for the limited
25  purpose of addressing common questions including whether Defendants are entitled to qualified
    immunity or immunity pursuant to the Public Readiness And Emergency Preparedness (PREP)
26  Act.  *See* Dkt. No. 12.  Judge Orrick ordered Defendants in this case on July 19, 2022 to show
    cause why they should be entitled to a different conclusion than the order at Dkt. No. 59 in case
27  No. 3:22-mc-80066-WHO addressing the common issues.  Dkt. No. 18.  Defendants specially
    appeared to file a Notice in 3:22-mc-80066-WHO (Dkt. No. 71) indicating that Defendants had
28  not been served in several cases, including this one, and requesting that screening and service
    proceed.

United States District Court
Northern District of California

redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Complaint**

Plaintiff names as Defendants former CDCR secretary Ralph Diaz, SQSP warden Rob Bloomfield, Dr. Steven Tharratt, California Department of Corrections and Rehabilitation (CDCR), and San Quentin State Prison (SQSP).  He alleges that "official[s] at CDCR transferred infected inmates to San Quentin" from CIM, causing an outbreak leading to 2,050 prisoners testing positive for COVID-19 and 12 dying from the disease by mid-July 2020.  Dkt. No. 11 at 2-3.  He alleges that "of the 121 inmates transferred from CIM not a single one had been tested within the 3 weeks before the transfer."  *Id.* at 3.  Nor were prisoners tested immediately upon arrival, and the transferred prisoners "used the same showers and ate in the same dining hall as other" prisoners.  *Id.* at 3.  Plaintiff tested positive for COVID-19 on June 18, 2020.  Dkt. No. 1 at

2

5.

Plaintiff also attaches a report by the Office of the Inspector General titled COVID-19 Review Series Part Three: California Correctional Health Care Services and the California Department of Corrections and Rehabilitation Caused a Public Health Disaster at San Quentin State Prison When They Transferred Medically Vulnerable Incarcerated Persons from the California Institution for Men Without Taking Proper Safeguards.  *See* Dkt. No. 11-8.

Plaintiff alleges the above actions and inactions violated the Eighth Amendment.  He seeks compensatory and punitive damages.

**C.    Legal Claims**

Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

The Court DISMISSES Plaintiff's claims against defendant Tharratt.  The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020."  *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1.  The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on July 28, 2021.  "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or

United States District Court
Northern District of California

successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020).  Dr. Tharratt was therefore not an appropriately named Defendant at the onset of this litigation.  If Plaintiff wishes to proceed with a claim against the Estate of Dr. Tharratt, he may file an amended complaint within 28 days of the date of this Order.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.      The Court DISMISSES Defendant Tharratt.

2.      If Plaintiff chooses to file a second amended complaint ("SAC") naming the Estate of Dr. Tharratt, he must file the SAC within twenty-eight (28) days of the date of this Order.  The SAC must include the caption and civil case number used in this order, 21-cv-05805-BLF, and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed.  Because the SAC completely replaces the previous complaint, Plaintiff must include in his SAC all the claims he wishes to present.  Plaintiff may not incorporate material from the prior complaints by reference.

3.      The Court ORDERS that service on the following CDCR Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

a.      Former CDCR Secretary Ralph Diaz;

b.      SQSP warden Ron Broomfield;

c.      CDCR

d.      SQSP

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 11), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4.      All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5.      This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Dkt. 12.

6.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

United States District Court
Northern District of California

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: August 31, 2022

BETH LABSON FREEMAN
United States District Judge